IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



KERRY WHIPKEY and
ROBYN WHIPKEY,

    Plaintiffs,

v.

RUNNING D CONSTRUCTION, LLC.
and JUSTIN SHEA DAVIS

    Defendants.
_____/

2-09CV-225-J

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs, KERRY WHIPKEY and ROBYN WHIPKEY, by and through their undersigned attorneys, and sue the Defendants RUNNING D CONSTRUCTION, LLC. and JUSTIN SHEA DAVIS, for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

    1.    Plaintiff, KERRY WHIPKEY, is an individual residing in Potter County, Texas.

    2.    Plaintiff, ROBYN WHIPKEY, is an individual residing in Potter County, Texas.

    3.    Defendant, RUNNING D CONSTRUCTION, LLC., is a limited liability company formed and existing under the laws of the State of Texas and whose principal place of business is in Potter County, Texas.

    4.    Defendant JUSTIN SHEA DAVIS is an individual residing in Potter County, Texas and at all times relevant to this claim acted directly or indirectly in the interest of Defendant RUNNING D CONSTRUCTION, INC., in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work. Defendant JUSTIN SHEA DAVIS

was an employer as defined by 29 U.S.C. §203(d).

5.  Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, RUNNING D CONSTRUCTION, LLC. was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. § 1391.

6.  The Plaintiff, KERRY WHIPKEY, worked for Defendants from September 13, 2008 through January 8, 2009 as a store manager.

7.  The Plaintiff, ROBYN WHIPKEY, worked for Defendants from October 13, 2008 through January 8, 2009 as a store clerk.

8.  During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs have worked in excess of forty (40) hours (overtime hours).

9.  During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked overtime hours, and Defendants have failed to pay Plaintiffs one and one-half times their respective regular rates of pay for each overtime hour worked.

## COUNT I
### (KERRY WHIPKEY – OVERTIME)

10. Plaintiff, KERRY WHIPKEY, realleges and incorporates herein the allegations contained in Paragraphs 1 through 9 above.

11. The acts described in the preceding paragraph violate the Fair Labor Standards Act,

which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights secured by the FLSA.

12. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

13. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

14. Plaintiff further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

15. Plaintiff also seeks compensation of the out of pocket expenses and costs of court he will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys' fees. See 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff KERRY WHIPKEY requests that:

A) The Court assume jurisdiction of this cause and that Defendants be cited to appear;

B) The Court award damages to Plaintiff KERRY WHIPKEY as specified above with Defendants being found jointly and severally liable;

C) The Court award reasonable and necessary attorneys' and expert fees and costs;

D) The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
## (ROBYN WHIPKEY–OVERTIME)

16. Plaintiff, ROBYN WHIPKEY, realleges and incorporates herein the allegations contained in Paragraphs 1 through 9 above.

17. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's right secured by the FLSA.

18. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

19. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

20. Plaintiff further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

21. Plaintiff also seeks compensation of the out of pocket expenses and costs of court she will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees. See 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff ROBYN WHIPKEY requests that:

A) The Court assume jurisdiction of this cause and that Defendants be cited to appear;

B) The Court award damages to Plaintiff ROBYN WHIPKEY as specified above with

Defendants being found, jointly and severally liable;

C)  The Court award reasonable and necessary attorneys' and expert fees and costs;

D)  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury of all the issues and facts in this case.

Dated: September 4th, 2009

> Respectfully submitted,
> ROSS LAW P.C.
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
>
> _____
> Charles L. Scalise
> ATTORNEY FOR PLAINTIFFS

**2-09CV-225-J**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
KERRY WHIPKEY and ROBYN WHIPKEY,

**DEFENDANTS**
RUNNING D CONSTRUCTION, LLC. and JUSTIN SHEA DAVIS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles L. Scalise, Ross Law Group, 1104 San Antonio Street, Austin, Texas 78701; telephone: (512) 474-7677

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Labor Standards Act
Brief description of cause:
Overtime Pay

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 09/04/2009
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # AM002154 AMOUNT 350.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____