IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KERRY WHIPKEY and<br>ROBYN WHIPKEY,<br><br>    Plaintiffs<br>V.<br><br>RUNNING D CONSTRUCTION, LLC.<br>And JUSTIN SHEA DAVIS,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CA NO. 2:09-CV-225-J |

## DEFENDANTS, RUNNING D CONSTRUCTION and JUSTIN SHEA DAVIS'S ORIGINAL ANSWER

COMES NOW Defendants, Running D Construction, LLC ("**Running D**") and Justin Shea Davis ("Defendants") and file this, their Original Answer to Plaintiffs' Original Complaint, and in support thereof, would show the Court as follows:

### I.

### ADMISSIONS AND DENIALS

Defendants admit that Plaintiffs have filed this action alleging unpaid overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).

1.   Defendants admit that Plaintiff Kerry Whipkey is an individual residing in Potter County, Texas.

2.   Defendants admit that Plaintiff Robyn Whipkey is an individual residing in Potter County, Texas.

3.   Defendants admit that Running D Construction, LLC., is a limited liability company formed and existing under the laws of the State of Texas with a principal place of

business located in Potter County, Texas.

4.	Defendants admit that Justin Shea Davis is an individual residing in Potter County, Texas. Defendants admit that at all times relevant to this claim, Davis acted in his capacity as an officer of Defendant Running D, in relation of Plaintiffs' employment. Defendants deny that Davis was substantially in control of the terms and conditions of the Plaintiffs' work. Defendants deny that Davis was an employer as defined by 29 U.S.C. §203(d).

5.	Defendant admits that the U.S. District Court, Northern District of Texas, Amarillo Division, has jurisdiction over this case for federal questions presented.

6.	Defendants admit that Plaintiff Kerry Whipkey worked for Defendant Running D from September 13, 2008 through January 8, 2009 as a store manager. Defendants deny that Kerry Whipkey worked for Defendant Davis.

7.	Defendants admit that Plaintiff Robyn Whipkey worked for Defendant Running D from October 13, 2009 through January 8, 2009. Defendants deny that Robyn Whipkey worked for Defendant Davis. Defendants deny that Robyn Whipkey was employed as a store clerk.

8.	Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Original Complaint.

9.	Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Original Complaint.

10.	Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Original Complaint.

11.	Defendants deny that they violated the Fair Labor Standards Act.

12.	Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Original Complaint.

13. Defendants deny they violated Section 216(b) of the FLSA and that Plaintiff is entitled to an award of liquidated damages.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Original Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Original Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Original Complaint.

17. Defendants deny that they violated the Fair Labor Standards Act.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Original Complaint.

19. Defendants deny they violated Section 216(b) of the FLSA and that Plaintiff is entitled to an award of liquidated damages.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Original Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Original Complaint.

Defendants deny each and every allegation of the Complaint which is not herein specifically admitted to be true.

## DEFENSES

1. Further, and in the alternative if necessary, Defendants state that if it in fact they failed to pay any nonexempt employee for work in excess of 40 hours in a workweek, the uncompensated time is *de minimis*.

2. Further, and in the alternative if necessary, Defendants state that even if one or more Plaintiffs were not paid for any of the activities alleged in Plaintiffs' Complaint, such activities do not constitute compensable work under the Fair Labor Standards Act, and furthermore, such alleged activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.

3. Further, and in the alternative if necessary, Defendants are entitled to an offset for any damages that might be awarded Plaintiffs under the Fair Labor Standards Act.

4. Further, and in the alternative if necessary, Defendants state that one or more Plaintiffs have received full payment for all work performed thereby barring Plaintiffs' claims.

5. Further, and in the alternative if necessary, Plaintiffs' claims are barred by estoppel, quasi-estoppel, and/or equitable estoppel.

6. Defendants request a jury trial.

## PRAYER

For these reasons, Defendants ask the Court to do the following:

1. Render judgment that Plaintiffs take nothing.

2. Dismiss Plaintiffs' suit with prejudice.

3. Assess costs against Plaintiffs.

4. Award Defendant all other relief the Court deems appropriate at law or in equity.

        Respectfully submitted,

        Underwood, Wilson, Berry, Stein
        & Johnson, P.C.

        Kelly Utsinger
        State Bar No. 20416500
        Kelly.Utsinger@uwlaw.com
        Matt W. Sherwood
        State Bar No. 24066063
        Matt.Sherwood@uwlaw.com
        500 South Taylor, Suite 1200
        Amarillo, TX 79101
        Telephone:    (806) 379-0307
        Facsimile:    (806) 349-9474

By: /s// Matt Sherwood
    Matt W. Sherwood
    Attorneys for Defendants,

    RUNNING D CONSTRUCTION, LLC.
    and JUSTIN SHEA DAVIS

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of January 2010, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the Court's electronic filing system. The electronic case filing system will send the "Notice of Electronic Filing" to the following have consented in writing to accept this Notice as service of this document by electronic means:

Charles L. Scalise
Ross Law P.C.
1104 San Antonio Street
Austin, Texas  78701
(512) 474-7677
(512) 474-5306

                                                /s// Matt Sherwood
                                                Matt W. Sherwood